# United States District Court
**EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | |
|---|---|
| MARK L. CAYTON | § |
| | § Civil Action No. 4:16-CV-843 |
| v. | § (Judge Mazzant/Judge Nowak) |
| | § |
| PETERBILT MANUFACTURING | § |

## MEMORANDUM REJECTING REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

Came on for consideration the report of the United States Magistrate Judge in this action, this matter having been heretofore referred to the Magistrate Judge pursuant to 28 U.S.C. § 636. On June 23, 2017, the Report and Recommendation of the Magistrate Judge (Dkt. #51) was entered containing proposed findings of fact and recommendations that Defendant Peterbilt Motors Company, incorrectly named as Peterbilt Manufacturing's 12(b)(6) Motion to Dismiss Plaintiff's Amended Complaint (Dkt. #31) be denied. The Magistrate Judge further recommended that Plaintiff be granted leave to file a second amended complaint so that he has an opportunity replead his claims to correct the deficiencies noted in the report. On July 7, 2017, Defendant filed objections to the Report and Recommendation (Dkt. #56). Before the Court resolved Defendant's objections, the Magistrate Judge entered, on July 14, 2017, an amended report (Dkt. #57) containing proposed findings of fact and recommendations that Defendant's 12(b)(6) Motion to Dismiss Plaintiff's Amended Complaint (Dkt. #31) be granted. In the amended report in footnote one, the Magistrate Judge stated "[t]his Amended Report and Recommendation effectively replaces the original Report and Recommendation." The Magistrate Judge further recommended that Plaintiff be granted leave to file a second amended complaint. No objections were filed to the Magistrate Judge's Amended Report and Recommendation, and the time for doing so has passed.

In both reports, the Magistrate Judge decided that Plaintiff should be granted one more opportunity to file an amended complaint to cure the deficiencies asserted by Defendant. The Court agrees with that conclusion. The Court's general practice, when allowing a plaintiff to replead, is to deny the motion to dismiss as moot subject to reconsideration if no amended complaint is filed. If no amended complaint is filed, the Court will automatically reconsider the motion to dismiss without any additional briefing by a defendant. The Court never grants the motion to dismiss and at the same time allows a plaintiff to file an amended complaint. Turning to this case, the Court would have adopted the first report and overruled the objections and then allowed Plaintiff the opportunity to replead. However, the Magistrate Judge filed the amended report, taking away the Court's ability to adopt the initial report. The Court does not accept and thereby rejects the Amended Report and Recommendation, for failure to follow the Court's practice. Although the Court could return this matter to the Magistrate Judge for issuance of a new report, based upon the length of time that has occurred, the Court will address the motion. Although the Court has rejected the amended report, the Court would commend the Magistrate Judge's detailed opinion pointing out the deficiencies to the *pro se* Plaintiff. Plaintiff should address these deficiencies in his amended complaint. Accordingly,

It is therefore **ORDERED** that the Magistrate Judge's Report and Recommendation (Dkt. # 57) is **REJECTED**.

It is further **ORDERED** that Defendant's "Motion to Dismiss" (Dkt. #31) is hereby **DENIED AS MOOT** subject to reconsideration if no amended complaint is filed.

It is further **ORDERED** that Plaintiff be granted leave to file a second amended complaint no later than twenty (20) days from the date of this Order.

**IT IS SO ORDERED**.

**SIGNED this 25th day of September, 2017.**

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE